UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

|  |  |
|---|---|
| In re | ) Case No.  24-13407-B-7 |
|  | ) |
| **ANITA MARIE FERGUSON,** | ) |
|  | ) |
| Debtor. | ) |
| _____ | ) |
|  | ) |
| IRMA EDMONDS, Chapter 7 | ) Adv. Proc. No. 25-01006-B |
| Trustee, | ) |
|  | ) Docket Control #FW-2 |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| MANUEL COCHRAN HERNANDEZ, | ) |
|  | ) |
| Defendant. | ) |
| _____ | ) |

**MEMORANDUM RULING ON MOTION TO RESET HEARING
ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

_____

Gabriel J. Waddell, Fear Waddell, P.C., for Irma Edmonds, Chapter
7 Trustee, Movant/Plaintiff.

No Appearance for Defendant Manuel Cochran Hernandez.

_____

RENÉ LASTRETO II, Bankruptcy Judge

**Introduction**

In a bankruptcy case referred to a bankruptcy court by a
district court, any party to the case or proceeding may, by
motion and for cause shown, ask the district court to withdraw
the reference as to the case or proceeding in whole or in part.
28 U.S.C. § 157(d).  A party may also request that the bankruptcy

1

1    court stay the proceeding pending the district court's decision

2    on the motion to withdraw the reference.  Fed. R. Bankr. P.

3    5011(c).  A bankruptcy court has discretion whether to grant the

4    stay. *Id.*

5         Before the court is a procedural motion which raises the

6    question whether such a stay granted by this court in the above-

7    styled adversary proceeding should be modified to permit the

8    court's scheduling and determination of a dispositive motion in

9    this adversary proceeding ("the Motion to Reset" or "the

10   Motion").  After review of the Motion and the basis for issuing

11   the stay, the Motion to Reset will be denied without prejudice.

12

13                          **<u>Pertinent Facts</u>**

14        Chapter 7 Trustee, Irma Edmonds ("Trustee") filed this

15   adversary proceeding against defendant Manuel Cochran Hernandez

16   ("Defendant") on February 4, 2025 (Doc. #1). The Defendant

17   answered the complaint but did not consent to this court's

18   jurisdiction. (Doc. #15).  The Debtor in the underlying Chapter 7

19   bankruptcy proceeding is Anita Marie Ferguson ("Debtor" or

20   "Ferguson").

21        The court issued a scheduling order in due course. (Doc.

22   #18).  Among other deadlines set in the order, dispositive

23   motions were to be heard no later than January 28, 2026. Except

24   for a narrow change to the discovery cutoff, the parties

25   proceeded in accord with the scheduling order.

26        In her complaint, Trustee alleges that the Debtor granted

27   Defendant a joint tenancy interest with her in a residential

28   property in Clovis, California more than two years before the

bankruptcy case was filed. (Doc. #1). Trustee alleges Defendant paid no consideration for the transfer. Trustee also alleges the transfer was both constructively and actually fraudulent under California State Law – Cal. Civ. Code §§ 3439.05 and 3439.04 respectively. *Id.* Trustee seeks that the property or its value be transferred to the estate. *Id.*

Defendant answered by denying the allegations of fraudulent transfer. Doc. #15. Defendant also raised two affirmative defenses. First, Defendant alleged he was a transferee in good faith and for reasonably equivalent value. The alleged value furnished was supplies, equipment, labor, and the materials to repair damages to the property allegedly at the hands of Debtor's sister. *Id.* Second, Defendant alleged failure to allege facts with sufficient particularity upon which relief could be granted. *Id.* Notably, Defendant demanded a jury trial and did not consent to the Bankruptcy Court entering a final judgment. *Id.* Also, Defendant did not file a proof of claim in the bankruptcy case.[1]

On December 17, 2025, Trustee filed a Motion for Summary Judgment ("the Summary Judgment Motion"). Docs. ##24-32.

Eleven days later, Defendant filed a Motion for Withdrawal of the Reference ("the Withdrawal Motion") of this adversary proceeding pursuant 28 U.S.C. § 157(d). Docs. ##34-39. Contemporaneously, Defendant filed a Motion to Stay the Adversary Proceeding ("the Motion for Stay") pending the District Court's determination on the motion to withdraw the reference. Docs. ##43-44. Plaintiff opposed the Motion for Stay. Docs. ##45-46.

---

[1] Only one claim for $66,419.00 was filed by Carolyn Poyorena based on an alleged judgment. The claim filing deadline was June 23, 2025. See Docket generally.

After considering the Motion for Stay and opposition, the court issued an order staying the proceedings on December 31, 2025. Doc. #48.

This Motion to Reset followed fourteen days later. Docs. ##51-54.

## Arguments Presented by the Parties

Trustee makes three arguments supporting the Motion. First, Trustee contends she was not given reasonable notice and opportunity to be heard in opposition to the stay resulting in a denial of due process. Second, judicial economy and efficiency will be achieved if the court decides the Summary Judgment Motion or issues a report and recommendation to the District Court. She goes on to assert that a ruling on the Summary Judgment Motion will determine whether a trial is even necessary and that consideration of withdrawal of the reference is premature. Third, "mandatory" withdrawal of the reference under 28 U.S.C. § 157(d) is not applicable to this dispute notwithstanding Defendant's constitutional arguments.[2]

Defendant has not timely opposed this motion. Rather, Defendant, through counsel, contends that, because the stay order is already in effect, he is under a legal disability to oppose the motion because the motion violates the stay. Instead, Defendant submitted two letters to the court and its clerk urging

///

---

[2] At oral argument, Plaintiff's counsel advised the court that Defendant has withdrawn "mandatory withdrawal" of the reference as a basis for Defendant's Motion and that the Withdrawal Motion is proceeding on "discretionary withdrawal" grounds only.

the motion and supporting papers be stricken by either the court or the clerk as violating the stay order.

In the absence of a formal opposition, Plaintiff nonetheless filed a reply. Doc. #59. She urges that the stay order is interlocutory and subject to revision for good cause. She also reiterates her contention that it is more efficient to have the Bankruptcy Court rule on the Summary Judgment Motion notwithstanding the pending Withdrawal Motion. *Id.*

### JURISDICTION

Jurisdiction is founded on 28 U.S.C. § 1334(b) since this civil proceeding arises both under Title 11 and in a case under Title 11. While this matter is statutorily "core" under 28 U.S.C. § 157(b)(2)(H) and the district court has referred this matter to this court under 28 U.S.C. § 157(a), the pending Withdrawal Motion may affect this court's jurisdiction. At present, this court has jurisdiction to reconsider its own orders. *See* 11 U.S.C. § 105(a).

### ANALYSIS

#### I

#### The stay order is interlocutory and can be reconsidered by this court

A court's grant or denial of a stay pending determination of a motion for withdrawal of reference as authorized by Bankruptcy Rule 5011(c) is not appealable under 28 U.S.C. § 1291, nor is the withdrawal decision itself. *In re Lieb*, 915 F.2d 180, 185 (5th Cir. 1990) (holding that it would be anomalous to allow an

interlocutory appeal from a stay decision while barring an appeal from a decision on the Motion to Withdraw Reference.) *See also Abney v. Kissel Co. (In re Kissel Co.)*, 105 F.3d 1324, 1325, (9th Cir. 1997) (dismissing appeal of district court's denial of motion to withdraw the reference and adopting the reasoning of *Lieb*); *Security Farms v. International Bhd. of Teamsters*, 124 F.3d 999, 1008 (9th Cir. 1997) ("An order to withdraw the reference is interlocutory. However, the rule in this Circuit is that once a final judgment is entered, an appeal from an order that would otherwise be interlocutory is then appealable.").

As long as a district court has jurisdiction over a case, it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause if the court deems that cause to be sufficient. *City of L.A. Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001).[3] As long as there is sufficient cause, this court can modify, reconsider or rescind the stay order.

Reference to Fed. R. Bankr. P. §§ 9023 and 9024 in the stay order does not limit this court's power. An order to rescind an interlocutory order over which the court has jurisdiction is within a court's inherent powers, and it is rooted firmly in the common law and is not abridged by the Federal Rules of Civil Procedure. *City of L.A.*, 254 F.3d at 887(holding that the district court could rescind a previous order certifying an interlocutory appeal before the appellate court acted).[4]

///

---

[3] A bankruptcy court is a unit of the district court. 28 U.S.C. § 151.
[4] Fed. R. Bankr. P. 9023 incorporates Fed. R. Civ. P. 59. Fed. R. Bankr. P. 9024 incorporates Fed. R. Civ. P. 60.

Nor does Law of the Case Doctrine disable this court from modifying the stay order for good cause. The Law of the Case Doctrine precludes the court from reconsidering an issue previously decided by the same court, or a higher court, in the same case. *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 833 (9th Cir. 1982). The doctrine applies to a court's explicit holdings and those decided by necessary implication. *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993)(dismissal order). *See also U.S. v. Smith*, 389 F.3d 944, 949 (9th Cir. 2004) *and cases cited therein*. The Law of the Case Doctrine is discretionary and is in no way a limit on the court's power prior to entry of final judgment in the case to revisit, revise, or rescind any interlocutory orders it has issued in that case. *City of L.A. Harbor Div.*, 254 F.3d at 888.

While courts are generally urged to adhere to the Law of the Case Doctrine, it is "not an inexorable command." *Id.* (*quoting Hanna Boys Ctr. V. Miller*, 853 F.2d 682, 686 (9th Cir. 1988)). Thus, if there is good cause, this court is free to modify the stay order provided it has not lost jurisdiction over this adversary proceeding. At present, the court retains jurisdiction over this adversary proceeding and thus can modify the stay order provided good cause is shown. That said, for the reasons set forth below, the Trustee has not shown good cause for modification of the stay order at the present time.[5]

///

---

[5] *See* Fed. R. Civ. P. 54(b)(made applicable to adversary proceedings by Fed. R. Bankr. P. 7054) though, as indicated above, Rule 54(b) does not constrain this court in modifying the stay order, and similarly provides that until entry of a final judgment, other orders can be modified.

## II

**The Trustee's Due Process Rights Were Preserved**.

Trustee argues that since the stay was issued very shortly after the application, she was not given reasonable notice and opportunity to be heard as required in contested matters under Fed. R. Bankr. P. 9014(a). Doc. #53 (Trustee's Memorandum of Authorities) at pg. 7 (*citing Barrientos v. Wells Fargo Bank, N.A.*, 633 F.3d 1186, 1189 (9th Cir. 2011)).  Trustee argues that the Motion for Stay was a contested matter and the resultant stay order violated Bankruptcy Rules and prevented the Trustee from asserting due process rights.  The court disagrees.

First, the order staying the proceeding was issued on December 31, 2025, three days after the Motion for Stay was filed and two days after the "preliminary" opposition was filed.  The Trustee did oppose, and the court ruled thereafter.  Both notice and opportunity to be heard were afforded to the Trustee, though admittedly the response time was shorter than usual due to exigent circumstances described more fully below.

Second, Trustee has filed and the court has considered this Motion to Reset notwithstanding the stay. In other words, Trustee has had the opportunity to have the court revisit the stay order. The Trustee has shown no prejudice.

Third, the Trustee's reliance on "reasonable notice" and opportunity to be heard under Fed. R. Bankr. P. 9014(a) is misplaced.  11 U.S.C. § 102(1) provides:

> "After notice and a hearing" or similar phrase –
> (A) means after such notice as appropriate in the
> particular circumstances, and such opportunity for a

hearing as is appropriate in the particular
circumstances; but

(B)  authorizes an act without an actual hearing if
such notice is properly given and if –

(i)  such a hearing is not requested timely by
a party interest; or

(ii) there is insufficient time for a hearing
to be commenced before such act must be done,
and the court authorizes such act.

The "particular circumstances" warranted the quick issuance of the stay. Defendant had preserved his right to jury trial and did not consent to the Bankruptcy Court finally adjudicating this adversary proceeding.  The filing of the Summary Judgment Motion necessitated the Defendant's filing of the Withdrawal Motion.  A motion to withdraw the reference is timely if it is brought promptly as possible in light of the developments in the bankruptcy proceeding.  *Security Farms*, 124 F.3d at 1007, fn. 3 (*quoting In re Baldwin United Corp.*, 57 B.R. 751, 754 (S.D. Ohio 1985)).

The deadline for Defendant to file opposition to the Summary Judgment Motion was fast approaching, and the Motion itself was filed just prior the two-week holiday season.  Given Trustee's choice to file the Summary Judgment Motion when she did, there was insufficient time to allow a fully noticed motion and briefing as normally required by LBR 9014-1(f)(2)(A).

Fourth, *Barrientos* described the difference between adversary proceedings, contested matters, and applications. 633 F.3d at 1189-1190.  *Barrientos* held the remedy for violating a discharge is contempt which can be initiated by a motion under Fed. R. Bankr. P. 9020. *Id.* at pg. 1191. *Barrientos* does not analyze the interplay between 11 U.S.C. § 102(1) and Fed. R.

Bankr. P. 9014(a).  At least one bankruptcy court has issued a
stay under Fed. R. Bankr. P. 5011(c)-(d) *sua sponte*.  *In re
Warren*, 125 B.R. 128, 133 (Bankr. E.D. Pa. 1990)(stay issued
after bankruptcy court recommended abstention and remand of a
non-core matter to state court).

### III.

### The Stay Order was Properly Issued.

Fed. R. Bankr. P. 5011(c) provides:

> A motion filed [to withdraw the reference] does not
> stay proceedings in a case or affect its
> administration.  But a bankruptcy judge may, on proper
> terms and conditions, stay a proceeding until the
> motion is decided.

A bankruptcy court has the discretion to stay the proceeding
until the withdrawal motion is decided.  The bankruptcy court's
order may impose proper terms and conditions.  That is what
occurred here.

The stay order:

1.  Temporarily suspended the response deadline for
    filing opposition and reply to the Trustee's
    Summary Judgment Motion;

2.  Removed the scheduled hearing on the Summary
    Judgment Motion from calendar;

3.  Vacated certain deadlines and hearing dates set
    under the court's Scheduling Order to accommodate
    the stay;

4.  Provided for the stay to be automatically lifted if
    the district court later denies the Withdrawal
    Motion and provides a procedure for the parties to
    reset the Summary Judgment Motion and related dates
    should that occur; and

5.  Provided for modification of the stay order.

///

Defendant had the burden to establish that a stay under the circumstances would be appropriate. *In re Matterhorn Grp. Inc.*, No. 2:10-cv-02849-GEB; 2010 U.S. Dist. LEXIS 122939 *5(E.D. Cal. November 5, 2010)(denying request to stay a contract rejection motion and sale motion because movants did not establish the necessary factors and did not first seek a stay before the bankruptcy court.) To establish that the stay should be granted, the moving party must show (1) a likelihood that the pending motion for withdrawal of the reference will be granted; (2) irreparable harm to the movant if the stay is not granted; (3) that the opponent would not be substantially harmed by the stay, and (4) that the public interest is served by granting the stay. *Id.* Defendant met his burden as discussed below.

1. <u>Likelihood the pending motion for withdrawal of the reference will be granted</u>.

Trustee virtually concedes that withdrawing the reference is appropriate and the Withdrawal Motion should be granted. Doc. #53, p.8. Trustee quarrels with the timing of the reference withdrawal, arguing that the court should either decide the Summary Judgment Motion or issue a report and recommendation regarding it prior to withdrawal.

A motion to withdraw the reference must be heard by the district court. 28 U.S.C. § 157(d); Fed. R. Bankr. P. 5011. Trustee's assertions about the timing of the Withdrawal Motion are at bottom suggestions or arguments that should be made to the district court on how to rule on that motion when the district court considers it. Doc. #53, pp. 8-11. The bankruptcy court

///

1   does not decide whether and when the reference will be withdrawn.

2   This factor supports issuance of the stay.

3       2. <u>Irreparable harm to the movant</u>.

4       From his first pleading, Defendant has emphatically not

5   consented to the Bankruptcy Court entering a final judgment in

6   this adversary proceeding. Doc. #15. Defendant has also demanded

7   a jury trial. *Id.*  Withdrawal of the reference is required in

8   instances where a defendant who is entitled to a jury trial does

9   not consent to such trial being conducted in the bankruptcy

10  court. *Stansbury Poplar Place, Inc.*, 13 F.3d 122, 128-29 (4th

11  Cir. 1993).  Trustee seems to ignore the lack of consent and

12  argues Defendant's jury trial right – also conceded (Doc. #53 p.

13  8) – is the sole basis for withdrawal of the reference.  It is

14  not.

15      To be sure, only claiming a jury trial right does not

16  require immediate transfer to the district court.  *In re*

17  *Healthcentral.com*, 504 F.3d 775, 787 (9th Cir. 2007).  However,

18  this Defendant has neither filed a proof of claim nor explicitly

19  or even impliedly consented to this court's jurisdiction to enter

20  a final order.  *See Wellness Int'l Network, Ltd. v. Sharif*, 575

21  U.S. 665 (2015).

22      The fact that the Defendant intended to file a motion for

23  withdrawal of the reference was never concealed. In fact, the

24  Scheduling Order (Doc. #18) set a "final status conference" for

25  February 25, 2026, and ordered that any motion to withdraw the

26  reference be filed before then.  The court was not surprised by

27  the filing of the Withdrawal Motion, and neither should the

28  Trustee have been.

The trigger event for the filing of Defendant's Withdrawal Motion and Motion for Stay was Trustee's Summary Judgment motion filed on December 17, 2025. True enough, the request for stay frustrated the scheduling and hearing of the Summary Judgment Motion. But the potential harm suffered by Defendant if he was prevented from having the district court determine which court may decide such dispositive motions is self-evident.

No party disputes Defendant's right to have the reference withdrawn here. A "comprehensive" summary judgment motion, if granted, has the potential of precluding a trial by jury. Defendant wants that decision made by the District Court. True, the District Court may direct that this court either decide the Summary Judgment Motion or else submit a report and recommendation for de novo review. But that is the District Court's decision to make as part of its disposition of the Withdrawal Motion, not this court's.

While a ruling on the Summary Judgment Motion that is favorable to the Trustee may mean that the underlying dispute never goes to trial, that does not affect the question of who decides which court will make that ruling. The answer to that question is: the District Court.

Admittedly, Defendant could have elected to wait until after the court decided the Summary Judgment Motion before filing the Withdrawal Motion. But the Defendant had control of that timing as limited by the Scheduling Order. Since the Scheduling Order had a cutoff for hearing dispositive motions, Trustee was required to file the Summary Judgment Motion when she did. Defendant then had to exercise his right to request the District

Court act before the Summary Judgment Motion could be decided and that right would have been lost if the stay was not issued. *Security Farms*, 124 F.3d at 107, n. 3.

Defendant's deadline to oppose the *Motion for Summary Judgment* was quickly approaching – January 7, 2026, under LBR 7056-1(b). Without some relief, Defendant's right would be irreparably harmed. Since there is nothing Defendant has done that is inconsistent with asserting his right to move for withdrawal of the reference, his right to do so would have been irreparably lost if the court had ruled on summary judgment in the Trustee's favor. This factor militates in favor of the issuance of the stay.

3. <u>Trustee would not be substantially harmed by the stay</u>.

Trustee has identified no harm in having the *Motion for Summary Judgment* determined <u>after</u> the District Court's ruling on the *Motion for Withdrawal of the Reference*. No exigency or other circumstance has been established suggesting that the bankruptcy estate will suffer any harm by any delay caused by the Withdrawal Motion. Certainly, the Trustee provides no example of permanent harm. Obviously, a delay in administration might be viewed as harmful by the Trustee, but consideration of the alternative scenarios evidences no unique harm at all.

If the District Court determines that it wishes to decide the Summary Judgment Motion itself, there will likely be delay. But delay would be equally certain if this court decides the Summary Judgment Motion. A ruling favorable to the Trustee could result in an appeal by the Defendant, with that appeal delaying administration of the estate until the appeal is resolved by the

14

District Court or Bankruptcy Appellate Panel as an appellant
would elect.  The potential for appeal is just as speculative as
Trustee's "scenarios" argued on the motion.

Of course, if the court denies Trustee's Summary Judgment
Motion, there would be no appeal, but there would still be a
delay as the reference would then be withdrawn before the trial
would proceed before the District Court.

Likewise, if the District Court rules that this court should
hear the Summary Judgment Motion but issue a report and
recommendation subject to de novo review, delay will still ensue,
as the losing party can object to the findings.  Fed. R. Bankr.
P. 9033.  The District Court would then need to review the
findings and objections and there would be a delay before the
District Court rules.  Fed. R. Bankr. P. 9033(c).

In other words, under virtually any scenario, delay is
inevitable. No unique harm or substantial harm is suffered by the
Trustee or the bankruptcy estate by issuance of the stay.

When asked about harm at oral argument, counsel for the
Trustee candidly admitted that under any scenario, there will be
some delay, but the Trustee suggested that if this court rules on
the Summary Judgment Motion or issues a report and
recommendation, it could slightly shorten the delay.  Counsel
also stated, admittedly without evidence, that as more delay
occurred, the value of the asset at issue in the underlying
adversary proceeding – a home – may diminish.  That harm is
speculative at best.

Plus, under Fed. R. Bankr. 5011(d) if Trustee wishes, the
Trustee could ask the District Court to modify the stay,

15

1  potentially in a way that affects which court is going to decide

2  the Summary Judgment Motion.  That option is certainly available

3  but may be of limited usefulness given the pending Withdrawal

4  Motion.

5       In short, this factor favors the stay.

6       4. <u>Public interest is served by granting the stay</u>.

7       The public interest is served by efficient and prompt

8  resolution of disputes.  This is pertinent in a bankruptcy case

9  because often creditors and debtors each need swift relief or

10  determination of rights.  But this adversary proceeding is a

11  fraudulent conveyance case between the Trustee asserting creditor

12  rights under California State Law and a non-debtor transferee.

13  It is a private dispute that does not seem to affect public

14  rights.

15       If there is a public interest in prompt resolution, it

16  cannot eclipse Defendant's rights to ask the District Court to

17  rule how this dispute – which is statutorily core but

18  constitutionally non-core – shall be determined. *Executive*

19  *Benefits Ins. Agency v. Arkison*, 573 U.S. 25 (2014).  The public

20  interest is also served by preservation of trial rights before

21  the correct tribunal.

22       This factor is neutral or slightly favors the stay.

23       Therefore, the stay was properly issued as authorized by

24  Fed. R. Bankr. P. 5011(c).

25  ///

26  ///

27  ///

28  ///

**IV**

**Trustee's Contention that Efficiency Compels this Court
to Decide the Motion for Summary Judgment is Inapplicable.**

Trustee's most salient argument is that, since the District
Court will likely direct this court either to decide the *Motion
for Summary Judgment* or else issue a report and recommendation,
hearing dates should be reset and the proceedings continue in
this court.

This court will not be pretentious on the issue.  Trustee's
argument, bolstered by numerous citations to district court
decisions from this District, overlooks the fundamental law.  The
district court makes the reference withdrawal decision and
decides what proceedings, if any, the bankruptcy court can hear.
It is not the bankruptcy court's call to make.

Furthermore, a close examination of the cases cited by
Trustee do not even establish a basis for the relief Trustee
requests in this motion.  The *Bell v. Lehr* cases are
illustrative.  *Bell v. Lehr ("Bell I")*, 2014 WL 526406 *4 (E.D.
Cal., February 7, 2014) and *Bell v. Lehr ("Bell II")*, 2015 WL
4602895 *2 (E.D. Cal., July 19, 2015).  There, the District Court
initially denied the motion to withdraw the reference before any
summary judgment litigation occurred and noted withdrawal might
be appropriate later *(Bell I).*  Two years later, the reference
was withdrawn after the bankruptcy court certified that the pre-
trial proceedings were concluded.  No mention was made of a
motion for summary judgment decided by the bankruptcy court.
*(Bell II).*
///

The other cases also are of limited application. *See In re Sunergy CA, LLC*, 2023 WL 3582674 *2-3 (E.D. Cal. May 22, 2023)(it was premature to withdraw the reference even when a motion to dismiss was pending, but the motion to withdraw the reference could be renewed when the pre-trial proceedings are concluded as found by the Bankruptcy Court); *In re Konark Ranches, LLC*, 2022 WL 2079090 *3-4 (E.D. Cal. June 9, 2022) (same, though no motion to dismiss was pending and the motion for withdrawal of the reference was made shortly after the complaint was answered); *In re Stanford Chopping, Inc.*, 2024 WL 4906107 (E.D. Cal. November 27, 2024)(denying motion to withdraw the reference without prejudice because it was "more efficient for pre-trial matters in this action to be conducted before the Bankruptcy Court" but not specifically mentioning dispositive motions).

There are also cases where a district court either withdrew the reference before dispositive motions were decided or ordered the bankruptcy court to hear dispositive motions but issue a report and recommendation. *See In re Casimiro*, 2006 WL 1581897 *6 (E.D. Cal. June 6, 2006) (holding "efficiency" counsels withdrawal of the class action to the District Court); *In re Te Velde*, No. 1:19-cv-00520-KES (E.D. Cal. August 15, 2019) (District Court Docket #18) (order denying motion to withdraw reference but requiring bankruptcy court to issue a report and recommendation on dispositive motions.)

In short, the district court has the discretion to decide how dispositive motions are to be resolved, not the bankruptcy court. The Trustee's efficiency arguments require this court to ///

speculate as to what the district court may decide, which is something this court cannot and will not do.[6]

**CONCLUSION**

Though the Trustee does not prevail on this motion, the court will not foreclose the Trustee from bringing this motion again should developments occur that change the status of this litigation. As the court has discussed and for the reasons outlined in this Memorandum Ruling, even if this court elected to hear the Summary Judgment Motion and issue a report and recommendation, it would do little to shorten the time before ultimate resolution of the case, as the District Court would still need to review any objections to such a report. Other developments may also change the case's status and provide a stronger basis for granting the Trustee's requested relief. But as things stand now, the Trustee has not shown such relief is necessary or appropriate.

The Trustee's Motion to Reset the Hearing Dates for the Summary Judgment Motion is DENIED WITHOUT PREJUDICE.[7] A conforming order shall issue.

**Dated:** Feb 18, 2026

**By the Court**

René Lastreto II
**René Lastreto II, Judge**
**United States Bankruptcy Court**

[6] Trustee's argument that mandatory withdrawal is unavailable under 28 U.S.C. § 157(d) likewise is an issue to be taken up by the District Court and is not addressed here. *See Security Farms*, 124 F.3d at 1008 (mandatory withdrawal of the reference requires "material consideration of non-bankruptcy Federal law.")  But see fn. 2 above.
[7] The foregoing are the Court's findings of fact and conclusions of law pursuant Fed. R. Bankr. P. 7052. Any finding of fact that is deemed a conclusion of law is adopted as a conclusion of law. Any conclusion of law deemed a finding of fact is adopted as a finding of fact.

19

**Instructions to Clerk of Court**
**Service List - Not Part of Order/Judgment**

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below.  The Clerk of Court will send the Order via the BNC or, if checked ___, via the U.S. mail.

Irma Edmonds
2501 West Shaw Ave., Suite 124
Fresno, CA 93711

Gabriel J. Waddell
7650 North Palm Ave., Suite 101
Fresno, CA 93711

Bruce D. Leichty
625-A 3rd St
Clovis, CA 93612